FILED
United States Court of Appeals
Tenth Circuit

January 29, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

MICHAEL DAVID BELDERRAIN,

Defendant–Appellant.

No. 08-8016

(D.C. No. 07-CR-00066-WFD-1)

(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **McKAY**, and **McCONNELL**, Circuit Judges.

Defendant was indicted on charges stemming from his unlawful killing of a bull elk while within Yellowstone National Park in southwestern Montana.[1] He filed a motion to dismiss the indictment based on a plea agreement he had previously entered into with the State of Montana, the United States Fish and

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The bull elk was standing just outside of the park's boundary when it was shot. However, Defendant fired the fatal shot from within the park, and he subsequently transported the elk's head and antlers into and through the park. Because Defendant thus possessed a firearm and transported and possessed illegally taken wildlife within Yellowstone National Park, albeit in Montana, the United States District Court for the District of Wyoming has jurisdiction over the charges at issue in this case. *See* 28 U.S.C. § 131.

Wildlife Service and, by extension, the United States Attorney's Office for the District of Montana. The district court denied the motion, holding that the agreement was not binding on the U.S. Attorney's Office for the District of Wyoming. The court additionally held that the agreement had not been breached because the federal charges were based on information obtained by law enforcement officials after Defendant entered into the Montana plea agreement and therefore fell within the agreement's exception for prosecution based on new or future information.

Following the denial of his motion to dismiss, Defendant entered a conditional plea of guilty to being a felon in possession of a firearm, unlawfully transporting illegally possessed wildlife, and unlawfully possessing illegally taken wildlife. On appeal, he challenges the district court's denial of his motion to dismiss.

Whether a plea agreement has been violated is a question of law that we review *de novo*. *United States v. Guzman*, 318 F.3d 1191, 1195 (10th Cir. 2003). "[T]he party who asserts a breach of a plea agreement has the burden of proving the underlying facts that establish a breach by a preponderance of the evidence." *Allen v. Hadden*, 57 F.3d 1529, 1534 (10th Cir. 1995). Assuming for purposes of appeal that the Montana plea agreement was binding on the U.S. Attorney's Office for the District of Wyoming, we hold that Defendant has not established by a preponderance of the evidence that the government violated the plea agreement

by filing the instant charges against him.

The Montana plea agreement provided that "once the state court accepts Mr. Belderrain's plea agreement to the charges arising from information currently held by the Montana Department of Fish, Wildlife and Parks, the USFWS/OLE will not refer this case to the U.S. Attorney for the District of Montana for prosecution." (R. Doc. 17, Ex. E.) The agreement further provided that "any new or future information concerning Mr. Belderrain's violation of federal wildlife and/or federal criminal statutes" would be investigated and referred for federal prosecution. (*Id.*)

At the time Defendant entered into the Montana plea agreement, the government knew that an elk head had been discovered in a local taxidermist's shop in January 2006. Defendant, the taxidermist, and other individuals informed the government that Defendant had killed this elk in the Buffalo Horn Drainage, an area outside of Yellowstone, on a November 2005 outfitting trip. Based on this information, his *nolo contendere* pleas with the State included a charge of possessing unlawfully taken elk antlers in the Buffalo Horn Drainage as well as two charges related to illegalities in the outfitting operation. The government was also aware at the time of the plea that a headless elk carcass had been found near Yellowstone in December 2005. However, Defendant has introduced no evidence indicating that the government knew Defendant was responsible for this kill. According to the evidence in the record, the government

did not learn that Defendant had killed the Yellowstone elk until months after Defendant's *nolo contendere* pleas were entered, when the taxidermist reported that Defendant had killed an elk in Yellowstone as well as in the Buffalo Horn Drainage and that the elk head came from the Yellowstone kill.[2]

Defendant argues that the government should have drawn a connection between the headless elk carcass found in Yellowstone and the elk head discovered in the taxidermist's store within the next month. He argues that this information, known by the government at the time of the Montana plea, was sufficient to link him to the Yellowstone incident and therefore that the instant charges are not based on new information. However, particularly in light of the fact that his lies regarding the source of the elk head led the government to believe it came from another location, we are convinced that Defendant's involvement with the Yellowstone poaching was not information held by the government at the time he entered into the Montana plea agreement. At that time, the government possessed no information indicating that Defendant was involved with that incident. Furthermore, his lies effectively deterred the government from suspecting or investigating any such link. Given these circumstances, we conclude that the instant charges were based on new information that was not known to the government at the time Defendant entered into the plea. We

---

[2] A DNA test subsequently confirmed that the elk head came from the Yellowstone elk.

therefore hold that the plea agreement was not violated by the government's bringing of these charges.

For the foregoing reasons, we **AFFIRM** the district court's denial of Defendant's motion to dismiss. Defendant's sentence and conviction are **AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge

-5-